UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RANDALL V. ROBERTS, *Pro Se*, ) | Case No.: 4: 19 CV 413 |
| ) | |
| Petitioner ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | <u>MEMORANDUM OF OPINION</u> |
| Respondent ) | <u>AND ORDER</u> |

*Pro Se* Petitioner Randall V. Roberts, a federal prisoner incarcerated in FCI-Elkton, has filed a Petition for a Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner challenges his 2012 conviction, pursuant to a guilty plea, in the Southern District of Ohio for coercion and enticement of a minor to engage in unlawful sexual activity. Petitioner previously attempted to challenge this conviction in the Southern District through a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. The district court denied this motion. *See Roberts v. United States*, Case No. 2: 14 CV 1208, 2016 WL 112647 (S.D. Ohio Jan. 8, 2016). Petitioner now seeks to challenge his conviction pursuant to § 2241, seeking release from federal custody pursuant to an "actual innocence" claim.

28 U.S.C. § 2243 states: "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause

why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Pursuant to "this provision, the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Further, "[n]o return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id*.

It is evident from the face of the petition that petitioner is not entitled to relief under 28 U.S.C. § 2241.

Section 2255 is the primary avenue for relief for a federal prisoner challenging the legality of his conviction, while a habeas proceeding under § 2241 "is appropriate for claims challenging the execution or manner in which [his] sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Section 2255 contains a narrow "savings clause" that allows a prisoner to challenge a conviction under § 2241 in very limited circumstances. *See* 28 U.S.C. § 2255(e). To challenge a conviction under § 2241, the prisoner must show that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). The remedy under § 2255 is not inadequate or ineffective, however, because a petitioner has been denied relief under § 2255, is procedurally barred from pursuing § 2255 relief, or has been denied permission to file a second or successive § 2255 petition. *Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004). Rather, the savings clause has "only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland,* 473 F. App'x 501, 502 (6th Cir. 2012). A petitioner must show that "an intervening change in the law establishes his actual

2

innocence." *Barnes*, 102 F. App'x at 443.

Although Petitioner contends he is actually innocent of the federal crime for which he was convicted, the reasons he sets forth in his Petition do not demonstrate that a change in statutory interpretation by the Supreme Court applies retroactively to invalidate his sentence. Instead, Petitioner asserts the same grounds he raised, and the district court rejected, in his prior motion to vacate his sentence under § 2255, or grounds he could have raised in that motion.

Accordingly, the Petition on its face does not raise a claim that is cognizable under § 2241.

## Conclusion

Accordingly, the Petition is denied and this action is dismissed in accordance with 28 U.S.C. § 2243. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 31, 2019